**William H. COOK, III, Plaintiff–
Appellant,**

v.

**CLEVELAND STATE UNIVERSITY,
Defendant–Appellee.**

No. 00–3972.

United States Court of Appeals,
Sixth Circuit.

June 15, 2001.

---

Before RYAN and COLE, Circuit Judges; MARBLEY, District Judge.*

William H. Cook, III, appeals a district court order granting judgment for the defendant in his action filed under 28 U.S.C. § 1331. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Cook sued Cleveland State University (CSU), alleging that CSU had engaged in a constructive "taking" of his property in violation of the Fifth Amendment. Following a bench trial, the district court granted judgment in favor of CSU. *Cook v. Cleveland State Univ.*, 104 F.Supp.2d 752 (N.D.Ohio 2000). Cook has filed a timely appeal.

Upon review, we conclude that the district court properly granted judgment in favor of the defendant. This court reviews de novo the district court's legal conclusions following a bench trial, but reviews the district court's factual findings for clear error. *Kalamazoo River Study Group v. Menasha Corp.*, 228 F.3d 648, 651 (6th Cir.2000).

While Cook raises a variety of arguments, he is arguing, in essence, that CSU engaged in a taking of his property in violation of the Fifth Amendment. Governmental action that impermissibly burdens an individual's property constitutes a taking, and the government must compensate the owner for the loss of the property. *Amen v. City of Dearborn*, 718 F.2d 789, 794 (6th Cir.1983). The government can violate the Taking Clause by denying an owner dominion over his property even without invoking the formal power of eminent domain. *Id.* However, a taking does not occur merely because the governmental action burdens or restricts some particular right or interest in a parcel of land; rather, before a taking occurs, the government must deny the owner all or an essential use of his property. *Id.* The mere decline in property value does not constitute, per se, a taking requiring compensa-

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

tion. *Id.* at 796. Cook has not challenged any of the district court's factual findings on this claim, and these facts reveal that CSU's actions did not so impact the value of Cook's property as to constitute a taking.

■ Cook also argues that the City of Cleveland placed his property in an urban renewal district, which constitutes an impermissible taking. No taking of property in an urban renewal district occurs, even if the property decreases in value, unless there is some action by the governmental body to appropriate, physically invade, or restrain the use of the property. *See Sayre v. City of Cleveland,* 493 F.2d 64, 70 (6th Cir.1974). Since the City of Cleveland has taken no action against Cook's property beyond placing it in the urban renewal district, his argument is without merit.

■ Additionally, Cook argues in a conclusory manner that CSU's actions violated his substantive and procedural due process rights and his equal protection rights. Since his claims are conclusory and unsupported by any facts or evidence, the district court properly dismissed these claims. *Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996).

■ Cook also argues that the district judge should have recused herself because she is a graduate of CSU. A review of the record and docket sheet shows that Cook never filed an affidavit accusing the district judge of bias and seeking her recusal. Unless exceptional circumstances exist, this court normally will decline to address an issue not first raised in the district court. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). This general rule bars an appellate court from considering a recusal issue that was not initially raised in the trial court. *In re Eagle–Picher Indus.,*

*Inc.,* 963 F.2d 855, 862–63 (6th Cir.1992). As no exceptional circumstances exist in this case, this court declines to consider the issue.

■ Cook next argues that the district court should not have granted his counsel permission to withdraw from the case. Cook asserts that the court should have assured that he had new counsel before permitting prior counsel to withdraw. Since Cook had no constitutional right to counsel in this civil case, *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir.1993), his argument is without merit.

■ Cook argues that the district court denied him his right to a jury trial. However, the record reveals that Cook never timely requested a jury trial. Fed. R.Civ.P. 38(d) provides that a party waives a trial by jury in a civil case by failing to file timely and serve a jury demand. Such a waiver is complete and binding even though it may have been inadvertent and unintended. *See Misco, Inc. v. U.S. Steel Corp.,* 784 F.2d 198, 203 (6th Cir.1986); *Washington v. New York City Bd. of Estimate,* 709 F.2d 792, 797–98 (2d Cir.1983). The right to a jury trial also may be waived by failing to object to a bench trial and subsequently fully participating in the trial. *Preferred RX, Inc. v. Am. Prescription Plan, Inc.,* 46 F.3d 535, 548 (6th Cir. 1995); *United States v.1966 Beechcraft Aircraft Model King Air A90,* 777 F.2d 947, 950–51 (4th Cir.1985). Since Cook participated in and never objected to the bench trial, he waived his right to a jury trial.

■ Lastly, Cook argues that the district court improperly quashed his subpoenas for several witnesses. This court will not disturb a district court's decision to quash a subpoena unless the court's ruling affected fundamental rights. *United States v. Mohney,* 949 F.2d 1397, 1409 (6th

Cir.1991). We conclude that the court's decision did not affect Cook's fundamental rights.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.