Walter CALLIHAN, Plaintiff–Appellant,

v.

COMMONWEALTH OF KENTUCKY; Albert Benjamin Chandler, Jr.; Lewis D. Nicholls; Robert Conley; Michael C. Wilson; Lloyd E. Spear; Clifford Duvall, Defendants–Appellees.

No. 01–6555.

United States Court of Appeals, Sixth Circuit.

June 12, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; MARBLEY, District

Judge.*

Walter Callihan appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the Court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Callihan sued numerous state court judges and prosecutors in Greenup County (Kentucky) Circuit Court, alleging that the defendants were conspiring to violate his civil rights by pursuing criminal charges against him for state tax evasion. The defendants removed the case to federal court and moved to dismiss the case. The district court concluded that Callihan had failed to state a claim and dismissed the action. The court also sanctioned Callihan in the amount of $500 and prohibited him from filing any future lawsuits relating to the subject matter of this litigation without first obtaining leave of court. In this timely appeal, Callihan argues that: 1) the district court improperly permitted removal of this case to federal court; 2) the district court improperly precluded him from filing any future lawsuits; and 3) the district court should have recused itself because it was biased against him. Callihan also has moved for this Court to recuse itself from hearing this case because of bias against him and to transfer this case to another circuit.

This Court initially denies Callihan's motion to recuse itself and transfer this case to another circuit for review. Under 28 U.S.C. § 455(a), a disqualification must be predicated upon a judge's extrajudicial conduct rather than on judicial conduct; and upon a personal bias, as distinguished from a judicial one, arising out of the judge's background and association, rather than from the judge's view of the law. *Green v. Nevers,* 111 F.3d 1295, 1303–04 (6th Cir.1997). Callihan has not set forth any personal, extrajudicial bias which would require this Court to recuse itself. Therefore, his request is meritless.

We note that Callihan does not challenge on appeal the district court's dismissal of his underlying suit or the court's imposition of the $500 sanction. Therefore, these issues are considered abandoned and not reviewable. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998). Callihan also argues in a conclusory manner on appeal that the district court improperly permitted removal of the case to federal court. Since Callihan has adverted to this issue only in a perfunctory manner, unaccompanied by some effort at developed argumentation, his claim is deemed waived. *United States v. Elder,* 90 F.3d 1110, 1118 (6th Cir.1996).

Further, Callihan's argument that the district court should have recused itself because of bias against him is not properly before this Court. A review of the record and docket sheet shows that Callihan never filed an affidavit accusing the district judge of bias and seeking his recusal. Unless exceptional circumstances exist, this Court normally will decline to address an issue not first raised in the district court. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). This general rule bars an appellate court from considering a recusal issue that was not initially raised in the trial court. *In re Eagle–Picher Indus., Inc.,* 963 F.2d 855, 862–63 (6th Cir.1992). As no exceptional circumstances exist in this case, this Court should decline to consider Callihan's argument that the district court was biased against him.

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Callihan's only remaining challenge is his argument that the district court improperly barred him from filing any further actions relating to the subject matter of this action. The district court undertook a detailed review of Callihan's extensive litigation history, citing his repeated filings of frivolous actions against judges and other officials who were immune from suit. The court also noted that Callihan had twice been warned that continuing to file frivolous actions could result in sanctions being imposed against him. Despite these warnings, Callihan filed the present action in state court and an identical action in federal court, both of which were dismissed as clearly meritless. In light of Callihan's refusal to heed its warnings, the court enjoined Callihan from filing any new civil action relating to the subject matter of this lawsuit or a prior lawsuit without first obtaining leave of court.

The district court properly enjoined Callihan from filing further litigation. While a court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir.1996), the court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998); *Ortman,* 99 F.3d at 811. Callihan's repetitive and vexatious litigation history clearly justified the court's injunction.

Accordingly, this Court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.