# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 1, 2008

136787

KNIGHT ENTERPRISES, INC.,
   Plaintiff-Appellee,

v

FAIRLANE CAR WASH, INC., PPJ
ENTERPRISES, L.L.C., JOHN MASOURAS, and
JAMES MASOURAS,
   Defendants-Appellants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136787
COA: 276838
Wayne CC: 05-515075-CK

   On order of the Court, the application for leave to appeal the April 8, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the April 8, 2008 judgment of the Court of Appeals. Paragraph 8 of the Credit Card Participating Agreement limits defendants' liability to "service charges assessed by CITGO/KNIGHT on credit card sales tickets [defendants] submit …." No provision imposes liability for credit card sales tickets submitted by other parties. The trial court and Court of Appeals interpreted paragraph 12 of that agreement, which provides that "[defendants] will be billed on a monthly basis per month for … all credit card fees," as requiring that defendants pay service charges regardless whether they were for credit card sales tickets that defendants submitted. Thus, neither court considered whether the credit card fees at issue were comprised of service charges only for credit card sales tickets that defendants submitted. The lower courts' interpretation of paragraph 12 renders paragraph 8's limitation surplusage or nugatory. "[C]ourts must … give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency, Inc*, 468 Mich 359, 468 (2003) (internal citations omitted). Interpreting paragraph 12 to provide that defendants will be billed monthly only for service charges for which they are liable under paragraph 8 gives effect to both paragraphs 8 and 12. We REMAND this case to the Wayne Circuit Court for further proceedings to determine what portion of the credit card fees at issue constituted service charges on credit card sales tickets that defendants submitted. Based upon that determination, the circuit court shall reconsider plaintiff's request for case

evaluation sanctions. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

CAVANAGH, J., not participating due to a familial relationship with counsel of record.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 1, 2008

_Corbin R. Davis_
Clerk

s0924