NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0613n.06

Case No. 09-1514

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Sep 15, 2010**
LEONARD GREEN, Clerk

FAIRLANE CAR WASH, INC., et al.,      )
                                       )
        Plaintiffs-Appellees,          )
                                       )
                                       )      ON APPEAL FROM THE
        v.                             )      UNITED STATES DISTRICT
                                       )      COURT FOR THE EASTERN
KNIGHT ENTERPRISES, INC.,              )      DISTRICT OF MICHIGAN
                                       )
        Defendant-Appellant.           )
                                       )
                                       )
_____       )
                                       )

BEFORE:  BATCHELDER, Chief Judge; WHITE, Circuit Judge; and GREER[*], District Judge.

ALICE M. BATCHELDER, Chief Judge.  Defendant-Appellant Knight Enterprises, Inc. ("Knight") appeals the district court's grant of attorney fees to Plaintiffs-Appellees Fairlane Car Wash, Inc., PJJ Enterprises, LLC, John Masouras, and James Masouras (collectively "Plaintiffs" or "Fairlane") under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 *et seq.*.  Because we find that Knight Enterprises, Inc. waived this issue by not raising it before the district court, we AFFIRM.  Further, we award to Plaintiffs the attorney fees reasonably incurred in defending this appeal.

_____

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

**I.**

Fairlane Car Wash, Inc. is a combination gas station, car wash, and convenience store in Dearborn, Michigan. The gas station lot is owned by PJJ Enterprises, LLC, which — when the contract at issue in this litigation was entered into — was owned by brothers John and James Masouras but is now wholly owned by John Masouras. Knight Enterprises, Inc. is a gasoline distributor, known in the industry as a wholesale "jobber." Fairlane and Knight entered into an Agreement on July 3, 2003, whereby Knight would provide branded gas for Fairlane to sell, along with pumps and other equipment. The contract provided for two pricing methods, and allowed each side to change the pricing structure from one method to the other once. Under the first method, the "Posted Rack Deal," Fairlane would purchase the gas from Knight at a set margin over the local rate with a rebate for sales over a certain threshold each month. Fairlane would then set its own price and sell the gas. Under the second method, the "Five Cent Margin Deal," Knight would pay Fairlane five cents for each gallon sold, and Knight would retain title and set the price. From the outset, the parties proceeded under the Five Cent Margin Deal, and neither side ever exercised the option to change the pricing structure.

The relationship between Knight and Fairlane, which Fairlane characterizes as "experimental," was not harmonious. In 2005, Knight sued Fairlane in Michigan state court to recover credit-card fees. Knight won on summary disposition, but the case was subsequently reversed in part and remanded by the Michigan Supreme Court. *Knight Enters. v. Fairlane Car Wash, Inc.*, 756 N.W.2d 88, 88 (Mich. 2008). On October 19, 2006, shortly after being granted summary disposition in that state proceeding, Knight sent an auditor to Fairlane to demand

2

immediate payment for the previous day's sales.  Fairlane cut three checks for the previous day's cash sales, and tendered $1,035 in cash for the current day's sales.  [*Id.*]  Knight had previously accepted checks, but on this occasion it directed the auditor to reject the checks and demand cash or cashier's checks instead.  Fairlane could not comply, but did deposit the checks in Knight's account.  The checks cleared the next day.

Fairlane ran out of gas the following day, October 20, and requested delivery.  Knight refused, claiming a breach of its credit policies.  The parties exchanged a series of letters and accusations, and Fairlane eventually rebranded the station and obtained gas elsewhere.

Fairlane filed this suit on January 9, 2007, alleging breach of contract and violation of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801 *et seq*.  Fairlane requested, among other remedies, attorney fees as authorized by the PMPA.  Knight counterclaimed for breach of contract.  The district court granted summary judgment to Fairlane on both claims, finding the questions "inextricably linked."  The court held that Fairlane had not breached the contract, but that Knight had both breached the contract and violated the PMPA.  The case proceeded to a jury trial on the question of whether Knight's breach and violation of the PMPA proximately caused Fairlane's damages, and the jury found for Fairlane and John Masouras in the amount of $11,800.  At a subsequent bench trial, the court found no exemplary damages due under the PMPA.  The district court then denied Knight's motions for return of property and relief from judgment and granted Fairlane's motion for attorney fees under the PMPA in the amount of $79,545.

Knight timely appealed. While Knight's Notice of Appeal was more extensive, in its briefs on appeal, Knight argues only that the PMPA is inapplicable and the attorney fees should, therefore, not have been awarded.

**II.**

**A.     Subject-matter Jurisdiction**

Knight's "Statement of Subject Matter Jurisdiction and Appellate Jurisdiction" at the outset of its opening brief explicitly claims that the district court had jurisdiction because the action "pertained to an alleged violation of the Petroleum Marketing Practices Act." Knight argues at the close of its reply brief, however, that the district court lacked subject-matter jurisdiction because Fairlane "all but conced[ed]" that the PMPA applies only if its terms are  incorporated into the contract. Although Knight challenges subject-matter jurisdiction for the first time on appeal, objections to subject-matter jurisdiction cannot be waived and must be addressed by a federal court at every stage of proceeding. *See*, *e.g.*, *Sinochem Int'l. Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties . . . ."); *Andrus v. Charlestone Stone Prods. Co.*, 436 U.S. 604, 607 n.6 (1978) ("Although the question of the District Court's subject-matter jurisdiction was not raised in this Court or apparently in either court below, we have an obligation to consider the question *sua sponte*."). Because the parties are all Michigan citizens, there is no diversity jurisdiction. The PMPA, therefore, would be the only source of federal jurisdiction.

The PMPA provides for federal jurisdiction "[i]f a franchisor fails to comply with the requirements of section 2802, 2803, or 2807 of this title." 15 U.S.C. § 2805(a). The Supreme Court has held that subject-matter jurisdiction

> 'is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.' Rather, the district court has jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another,' unless the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83, 685 (1946)) (omission in original) (internal citations omitted). Fairlane's complaint alleges that Knight violated 15 U.S.C. § 2802. Knight does not point to any on-point United States Supreme Court or Sixth Circuit case that would render the claims of a plaintiff in Fairlane's position "wholly insubstantial and frivolous." Instead, "the right of [Plaintiffs] to recover under their complaint will be sustained if the [PMPA is] given one construction and will be defeated if [it is] given another." *See Steel Co.*, 523 U.S. at 89. Furthermore, it is not clear that Fairlane made any concession regarding the applicability of the PMPA. The district court was correct in exercising subject-matter jurisdiction over the case.

**B.    Mootness**

Fairlane argues that this appeal is moot because Knight appealed only the district court's PMPA holding and did not appeal the breach of contract holding. Because the court did not differentiate between the two bases for the judgment, Fairlane contends, "Knight will still owe

5

Fairlane the exact same amount of money" regardless of our ruling on appeal. Knight does not dispute this as to the jury award. Instead, Knight points to the nearly $80,000 in attorneys' fees awarded to Fairlane after trial, arguing that these fees were awarded pursuant to the PMPA, and therefore a favorable outcome before this court will nullify that award.

Article III restricts the jurisdiction of federal courts to actual cases and controversies. An active controversy must continue through each stage of the proceedings. *Davis v. Fed. Election Comm'n*, _ U.S. _, 128 S. Ct. 2759, 2768 (2008) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (internal quotation marks and citation omitted)).

Although their original brief was not explicit on the matter, Knight's Notice of Appeal did include the judgment for attorneys' fees. In fact, it appears that these fees are what this appeal is all about. The district court's award of fees was based wholly on the statutory mandate passed by Congress in the PMPA, which states that the prevailing franchisee "shall be entitled" to reasonable attorney fees unless the court exercises its discretion otherwise. 15 U.S.C. § 2805(d)(1). The district court did not exercise that discretion, and awarded Fairlane $79,545 in fees. Because the attorney fees were awarded entirely under the PMPA, if Knight were to prevail in this appeal that award would be vacated. Therefore there is an actual controversy, this matter is not moot and we retain jurisdiction over it.

## C.     Waiver

Fairlane argues that Knight has waived its challenge to the PMPA's applicability because it failed to raise the issue before the district court. For the reasons stated below, we agree.

"In general, issues not presented to the district court but raised for the first time on appeal are not properly before the court." *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993) (internal quotation marks, alteration and citation omitted). Three policies underlie this rule. The first is to ease appellate review "'by having the district court first consider the matter.'" *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (quoting *Foster*, 6 F.3d at 409). The second is to "ensure[] fairness to litigants by preventing surprise issues from appearing on appeal." *Scottsdale*, 513 F.3d at 552. And the third is to promote "'judicial economy and the finality of judgments.'" *Taft Broad. Co. v. United States*, 929 F.2d 240, 244 (6th Cir. 1991) (quoting *Sigmon Fuel Co. v. Tenn. Valley Auth.*, 754 F.2d 162, 164 (6th Cir. 1985)).

We have recognized exceptions to this general rule in "exceptional cases or particular circumstances or when the rule would produce a plain miscarriage of justice." *Scottsdale*, 513 F.3d at 552 (internal quotation marks and citation omitted). Discretion to hear the issue rests with the court, and the exercise of that discretion is guided by such factors as:

> '1) whether the issue newly raised on appeal is a question of law, or whether it requires or necessitates a determination of facts; 2) whether the proper resolution of the new issue is clear beyond doubt; 3) whether failure to take up the issue for the first time on appeal will result in a miscarriage of justice or a denial of substantial justice; and 4) the parties' right under our judicial system to have the issues in their suit considered by both a district judge and an appellate court.'

*Id.* (quoting *Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541, 545 (6th Cir. 1996)). Stated another way, this Court may reach an issue that is "'presented with sufficient clarity and completeness'" for the court to decide the issue. *Foster*, 6 F.3d at 407 (quoting *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988)). This usually applies "where the issue is one of

law, and further development of the record is unnecessary." *Id.* Finally, this Court "*may* hear an issue for the first time on appeal if doing so would serve an overarching purpose other than simply reaching the correct result in this case." *In re Morris*, 260 F.3d 654, 664 (6th Cir. 2001). "Such an over-arching purpose may exist where the state of the law is uncertain." *Foster*, 6 F.3d at 408.

These exceptions, however, are "narrow," and we have rarely exercised such discretion. *Id.* at 407; *Scottsdale*, 513 F.3d at 552. "Instead, we have generally focused on whether the issue was properly raised before the district court." *Scottsdale*, 513 F.3d at 553.

In *Foster*, the plaintiffs sued their landlord for housing discrimination under the Fair Housing Act. *Foster*, 6 F.3d at 406. The landlords prevailed at trial and moved for attorney fees and expenses pursuant to 42 U.S.C. § 3613(c)(2). *Id.* at 406–07. The plaintiffs did not reply, and the district court granted the motion *sua sponte*. *Id.* at 407. Plaintiffs appealed, arguing that the district court erred by awarding attorneys fees and costs without making the required finding that the plaintiff's case was frivolous, groundless or unreasonable. We affirmed the district court's award, finding the issue waived. The issue was "not developed with sufficient clarity and completeness in the district court . . . [and] further development of the record would be necessary" to decide the issue. *Id.* (internal quotation marks omitted). We noted that in the type of case where the issue was never brought before the district court, "the [defendants] had no reason to buttress their motion" to rebut the new argument. *Id.* at 408.

We also declined to address the issue under the "over-arching purpose" exception. *Id.* at 408–09. Although plaintiffs argued that this Circuit had never construed the meaning of "prevailing party" in the Fair Housing Act, the Court found that there was not "much uncertainty in the state of

the law" on that issue. *Id.* at 408. Given Congress' directives and a recent Supreme Court case on the decision, the state of the law was "reasonably certain." *Id.* The plaintiffs' case, therefore, did not fall within that exception.

The issue before us is in the same mold. Fairlane alleged violations of the PMPA and in its complaint expressly requested attorney fees under that act. Surprisingly, Knight never raised the PMPA's applicability before the district court, despite the obvious defensive force of the argument. Therefore, this case falls squarely within the general rule. To avoid the general rule's effect, Knight argues that this issue falls into our recognized exceptions. First, Knight claims this is an "exceptional circumstance" because the district court granted summary judgment on the PMPA issue *sua sponte*, and this is the first time Knight could present this issue. Second, Knight argues that the issue is "a narrow legal question that requires no further factual development." Finally, Knight argues that resolution of this issue would serve the overarching purpose of preventing bad precedent from going uncorrected. [*Id.*]

This issue does not fall into the narrow and rarely-exercised exceptions. First, despite its protestations to the contrary, Knight could have raised this issue before the district court. Knight, having been served with Fairlane's complaint, which specifically relies on the applicability of the PMPA, had every incentive to make this argument in its answer and statement of defenses and its motion for summary judgment, to name only two opportunities. Instead, Knight, the drafter of the contract that included the PMPA language, never gave the district court a reason to doubt its applicability. Characterizing the district court's ruling as *sua sponte* does not alter these facts.

9

Second, it is not clear that this is purely a legal issue that would not require further fact-finding. To rule on the merits, we would have to consider a section of the PMPA we have not construed before, rule on the possible effect of the contract's alternate payment options on the statute's applicability, and decide the open question of whether the parties incorporated the statute into the contract. Deciding these difficult questions, particularly the third, would require further factual development. *See Foster*, 6 F.3d at 408 (noting that "the [defendants] had no reason to buttress their motion" to rebut plaintiffs unraised argument).

Finally, resolving this issue would not serve any overarching purpose beyond the resolution of this particular case. The district court's opinions do not decide whether or not Fairlane is a franchisee because neither party contested the PMPA's applicability before that court. There is no language in the orders that could lead other district courts astray. Knight does not argue that this instance is distinguishable from the circumstances in *Foster*, where the Court found the language of the statute sufficiently clear despite this Circuit's never having construed it.

In short, resolution of this issue would "require . . . a determination of facts," and is not "clear beyond doubt"; failure to take the issue up would not "result in a miscarriage of justice or a denial of substantial justice"; finally, our resolution of the issue would not vindicate the parties' right under our judicial system to have their issues "considered by both a district judge and an appellate court." Knight waived this issue, the only issue on appeal, and therefore we need not address Fairlane's estoppel argument or the merits of the PMPA question. There being no remaining challenge to the district court's judgment, we affirm.

**D.      Attorney Fees**

Because Knight has entirely waived its right to challenge the applicability of the PMPA to the relationship between the parties, Fairlane is the prevailing party here, and is entitled to attorneys fees under 15 U.S.C. § 2805(d)(1) unless we exercise our discretion to award only nominal fees:

> If the franchisee prevails in any action . . . , such franchisee shall be entitled . . . (C) to reasonable attorney . . . fees to be paid by the franchisor, unless the court determines that only nominal damages are to be awarded to such franchisee, in which case the court, in its discretion, need not direct that such fees be paid by the franchisor.

15 U.S.C. § 2805(d)(1).

Fairlane's appellate brief requests attorney fees for the defense of this appeal. Knight has not provided any reason why we should exercise our discretion to deny an award of fees, and we find none. We therefore find that pursuant to 15 U.S.C. § 2805(d)(1), Plaintiffs shall be awarded reasonable attorney fees for defending this appeal.

**III.**

For the foregoing reasons, we **AFFIRM** the district court's judgment and award of attorney fees, and we hold that Plaintiffs are entitled to attorney fees for the defense of this appeal. Accordingly, Plaintiffs are directed to submit to this Court within 10 days of entry of this order a statement detailing the reasonable fees incurred in this appeal supported by the necessary documentation.