**UNITED STATES of America,**
**Plaintiff,**

v.

**Jack CLARK, and Daniel Nixon, Defendants.**

**No. CR–3–99–086(1 & 2).**

United States District Court,
S.D. Ohio,
Western Division.

Oct. 7, 2002.

Margaret Mary Quinn, U.S. Attorney, United States Attorney's Office, Dayton, OH, for Plaintiff.

Michael Lloyd Monta, Monta & Monta, Gary Wayne Crim, Dayton, OH, for Defendants.

ENTRY DECLINING TO PERMIT DEFENDANTS JACK CLARK AND DANIEL NIXON TO CONTINUE TO PARTICIPATE IN HYBRID REPRESENTATION; FURTHER LETTERS ADDRESSED TO COURT BY THOSE DEFENDANTS WILL BE FORWARDED TO THEIR COUNSEL, UNOPENED AND UNREAD

RICE, Chief Judge.

■ Defendants Jack Clark ("Clark") and Daniel Nixon ("Nixon") are prolific letter writers. Until now, the Court has read those letters and has ordered that they be filed and docketed, thus being made a part of the permanent record in this prosecution. Indeed, during the week of September 30th through October 4th, the Court conducted an oral and evidentia-

ry hearing on accusations set forth in a number of those letters, and heard the arguments of counsel on requests set forth in other letters which were captioned "motions."

 Clark and Nixon are represented by competent counsel in this prosecution. No criminal defendant has a right to hybrid representation, under which the defendant participates, along with his counsel, in his own defense. *United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir.1987). Thus, appellate courts have uniformly held that a defendant represented on appeal by counsel does not have the right to file a *pro se* brief, in addition to the one filed by his counsel. *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir.), *cert. denied*, 525 U.S. 880, 119 S.Ct. 186, 142 L.Ed.2d 152 (1998); *United States v. Essig*, 10 F.3d 968, 973 (3rd Cir.1993). *See also, United States v. Harper*, 246 F.3d 520, 523 (6th Cir.) (Refusing to consider argument raised by defendant who was represented by counsel in letter to the Sixth Circuit). Whether to permit hybrid representation is committed to the discretion of the District Court. *Mosely*, 810 F.2d at 98. *See also, Hayes v. Hawes*, 921 F.2d 100, 101–02 (7th Cir.1990) (recognizing that, although petitioner represented by counsel does not have a right to file a *pro se* brief, the court of appeals has the discretion to consider arguments raised in such a brief).

Until this point in this prosecution, the Court has exercised its discretion to allow Clark and Nixon to participate in hybrid representation, by reading, filing and docketing their letters, as well as by conducting

an oral and evidentiary hearing on the allegations in some letters and hearing the arguments of counsel on the matters set forth in others. The Court will no longer permit hybrid representation. Accordingly, from this point forward, the Court will forward Clark's letters to his counsel, without opening or reading them, and Nixon's letters will be forwarded to his counsel under the same conditions. Counsel for Clark and Nixon, being constrained as they are by DR 7–102(A)(2),[1] may bring their clients' concerns to the Court's attention by way of a motion drafted and submitted by counsel.

---

1. DR 7–102(A)(2) provides:

(A) In his representation of a client, a lawyer shall not:

* * *

(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.