**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0968n.06

No. 11-6108

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DALTON MORROW, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | **O P I N I O N** |
| | ) | |

**FILED**

*Aug 31, 2012*

LEONARD GREEN, Clerk

_____

Before:  MOORE, WHITE, and LUCERO,[*] Circuit Judges.

**CARLOS F. LUCERO, Circuit Judge.**  Dalton Morrow appeals following his guilty plea to four counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

\* The Honorable Carlos F. Lucero, Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

# I

In 2008, Morrow sold crack cocaine to an informant for the Bureau of Alcohol, Tobacco, Firearms, and Explosives on several occasions. A criminal complaint, a federal arrest warrant, and a detainer issued on March 25, 2009, while Morrow was serving the remainder of a state parole term at the Warren County Regional Jail. In November 2009, after Morrow filed a pro se motion to dismiss for violation of the Speedy Trial Act, the federal government filed a writ of habeas corpus ad prosequendum seeking custody of Morrow. A grand jury indicted Morrow on four counts of distributing cocaine base and one count of possession with intent to distribute cocaine base on December 9, 2009. He pled guilty to all five counts subject to a written Fed. R. Crim. P. 11(c)(1)(B) agreement.

Morrow's Presentence Investigation Report recommended that the district court sentence him as a career offender under U.S.S.G. § 4B1.1, because of Morrow's prior drug convictions in Kentucky state court. On January 13, 1999, a Kentucky jury convicted Morrow for trafficking cocaine on August 29 and September 5, 1997. Morrow was sentenced for these convictions on February 15, 1999. Subsequently, Morrow pled guilty to three other counts of trafficking cocaine. These charges related to transactions that also occurred in September 1997; on the 4th, 9th, and 15th, respectively. On July 8, 1999, Morrow was sentenced in all three of these cases to five years' imprisonment.

Morrow objected to his classification as a career offender. Although conceding that he "technically satisfies the elements of [U.S.S.G. §] 4A1.2(a)(2)," Morrow argued that the

spirit of the provision was inapplicable because his prior offenses occurred over a brief period. But the district court concluded that a variance was not warranted given Morrow's recidivism.

Morrow also argued that the district court should correct for the disparity between advisory sentencing ranges for crack and powder cocaine by using the powder cocaine Guidelines. The district court acknowledged its discretion to vary from the cocaine base Guidelines, but concluded that it would apply them in Morrow's case. Rejecting both arguments, the district court imposed a sentence of 151 months' imprisonment, at the bottom of Morrow's Guidelines range.

## II

Morrow contends that his sentence was both procedurally and substantively unreasonable based on his career offender classification and the effect of the crack/powder cocaine sentencing disparity. We consider both substantive and procedural reasonableness claims "under the deferential abuse-of-discretion standard." *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010). In doing so, we review the district court's factual findings for clear error and its legal conclusions de novo. *Id*.

District courts commit procedural error by, for example, "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S.

38, 51 (2007). A sentence is substantively unreasonable if "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

**A**

A defendant convicted of a controlled substance felony should be sentenced as a career offender if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. In determining whether a defendant satisfies this test, related convictions may be counted as a single sentence under certain circumstances:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S.S.G. § 4A1.2(a)(2).

Under this rubric, Morrow has at least two prior felony convictions that qualify under the career offender provision. Morrow's three convictions for which he pled guilty are merged because he was sentenced in all three cases on the same day: July 8, 1999. However, Morrow was sentenced separately on February 15, 1999 for his jury conviction. And because he was also charged separately in that case, it is counted separately from the remaining three convictions under § 4A1.2(a)(2).

-4-

**B**

Morrow argues that even if he qualifies as a career offender, his sentence is nonetheless substantively unreasonable, given that his advisory Guidelines range would have been significantly lower had he been charged by state authorities in a single indictment or if he had been sentenced in all four cases simultaneously. The Guidelines' irrationality, he contends, is further exacerbated by the disparity between crack and powder cocaine sentencing provisions.

If the district court agreed with Morrow's policy arguments, it was clearly permitted to vary from the Guidelines. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009). The court below recognized this authority, but concluded that a within-Guidelines sentence was appropriate given the overarching 18 U.S.C. § 3553(a) factors. *See Gall*, 552 U.S. at 49. The court then considered whether a variance was warranted, but held that Morrow satisfied both the spirit and the letter of the career offender provision because he had engaged in at least nine similar crack transactions. Accordingly, it found, with express reference to § 3553(a), that a term of 151 months was appropriate.

Morrow has not shown that these determinations constitute an abuse of discretion. Although he generally critiques the career offender Guideline and crack/powder cocaine sentencing disparity, he offers little in the way of particularized facts showing that the Guidelines calculation resulted in an unreasonably long sentence in his case. "[T]he fact that

a district court <u>may</u> disagree with a Guideline for policy reasons and <u>may</u> reject the Guidelines range because of that disagreement does not mean that the court <u>must</u> disagree with that Guideline or that it <u>must</u> reject the Guidelines range if it disagrees." *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011). The district court correctly calculated Morrow's Guidelines range, carefully considered whether a variance was appropriate, and explained its reasoning in imposing a within-Guidelines sentence. We see no abuse of discretion in the district court's sentencing determinations.

### III

In addition to his sentencing challenge, Morrow raises several issues that are not subject to review. First, Morrow argues that the district court erred by failing to dismiss the charges against him based on alleged violations of the Speedy Trial Act, his Sixth Amendment right to a speedy trial, and the Interstate Agreement on Detainers. But Morrow expressly waived his right to a speedy trial in his plea agreement. "Generally, a voluntary and unconditional guilty plea bars any subsequent non-jurisdictional attack on the conviction." *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008) (quotation omitted); *see also United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003) ("[A] defendant who pleaded guilty may not appeal an adverse ruling on a pre-plea motion . . . unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with Rule 11(a)(2)." (quotation omitted)). Because Morrow does not claim his plea was involuntary,

and because he did not preserve the issue by seeking a Fed. R. Crim. P. 11(a)(2) conditional plea, he has waived these claims.

Second, Morrow asserts that he should have been granted a downward departure under U.S.S.G. § 5K1.1 for providing "substantial assistance in the investigation or prosecution of another person who has committed an offense." Under that provision, a district court may depart from a defendant's Guidelines range "[u]pon motion of the government." *Id*. As the Supreme court has explained, § 5K1.1 "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted" absent "any agreement on the Government's behalf to file a substantial-assistance motion." *Wade v. United States*, 504 U.S. 181, 185 (1992). There was no such agreement here, and the government elected not to move for a substantial assistance departure. Although some courts "conduct a bad faith review of the government's refusal to file a substantial assistance motion, this Circuit has expressly ruled that [absent an agreement to the contrary] . . . we may only review the government's decision for unconstitutional motives." *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000) (citations omitted). Morrow concedes there were no unconstitutional motives at issue here, and thus this claim must fail.

Finally, Morrow personally submitted pro se correspondence seeking to raise issues other than those briefed by his attorney. We generally do not consider arguments raised by a pro se defendant when the defendant is represented by counsel. *See United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011). To the extent Morrow wishes to advance these

claims, a habeas petition would provide the proper avenue. *See United States v. Sammons*,

918 F.2d 592, 601 (6th Cir. 1990).

**IV**

For the foregoing reasons, we **AFFIRM**.