GRIFFIN, Circuit Judge,
dissenting.
I respectfully dissent. I would affirm the judgment of the district court.
The majority holds that the district court committed error requiring reversal by rejecting defendant’s pro se letter. Although it cites the deferential abuse-of-discretion standard of review, the substance of the majority’s decision contravenes the law governing review of discretionary decisions by district court judges.
I.
Like the district court below, our court routinely declines to review issues raised in pro se filings when the party is represented by counsel. See, e.g., United States v. Harper, 246 F.3d 520, 523 n. 1 (6th Cir.2001) (Moore, J.) (“[W]e decline to address [the defendant’s] new issues” raised in a pro se letter “because they were not raised by [the defendant’s] counsel.”), overruled on other grounds by United States v. Leachman, 309 F.3d 377 (6th Cir.2002); see also United States v. Morrow, 497 Fed.Appx. 583, 587 (6th Cir.2012); United States v. Williams, 641 F.3d 758, 770 (6th Cir.2011); United States v. Martinez, 588 F.3d 301, 328 (6th Cir.2009). So, too, do other district courts. See, e.g., United States v. Davis, 373 F.Supp.2d 788, 789 (E.D.Tenn.2005); United States v. Clark, 250 F.Supp.2d 856, 857 (S.D.Ohio 2002).
This practice follows from the principle that a defendant has a constitutional right to be represented by counsel or to represent himself during his criminal proceedings, but not both. United States v. Mosely, 810 F.2d 93, 97 (6th Cir.1987) (citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)); see also 28 U.S.C. § 1654 (“In all courts of the United States the parties may plead and conduct their own cases personally or by counsel_” (emphasis added)). Because a litigant who is represented by counsel has no right to file a pro se submission, the decision to accept such filings is left to the sound discretion of the district court. See United States v. Flowers, 428 Fed.Appx. 526, 530 (6th Cir.2011); Moseley, 810 F.2d at 97-98.
According to the majority, the district court abused its discretion because this court occasionally considers pro se arguments when they “could be meritorious.” Yet, it strains credulity to conclude that we have a “definite and firm conviction” that the district court committed a clear error merely because the rejected argument “could” be meritorious. It is also at odds with our abuse of discretion standard of *516 review — a mere difference of opinion is not enough. United States v. Ruiz, 403 Fed.Appx. 48, 54 (6th Cir.2010); see also Workman v. Bredesen, 486 F.3d 896, 923-24 (6th Cir.2007) (Cole, J., dissenting) (“[S]o long as the district court acted within its sound discretion, we may not reverse its judgment even if we would have decided the matter differently.”). That this court, sometimes, addresses pro se arguments does not mean a district court abuses its discretion when it acts differently. See United States v. Corp., 668 F.3d 379, 393 (6th Cir.2012) (“The mere fact that a defendant cites other cases in which courts determined certain defendants to be deserving of different sentences does not demonstrate abuse of discretion in the instant case.”). In this respect, it is notable that nowhere does the majority identify a case in which this court reversed the judgment of the district court because it refused to accept a pro se filing, much less on the basis that the filing “could be meritorious.” That absence is the chief indication that the majority’s artificially low standard for reversing the district court’s exercise of discretion contravenes the deferential standard for reviewing discretionary decisions.
Even under the majority’s own could-be-meritorious standard, defendant’s pro se filing does not pass muster. Defendant’s letter contended that his counsel “just agreed with the [presentence investigation] report and did not research....” What defendant wanted his counsel to research is made clear by the rest of the letter: “[T]he 1.5 kilograms was stipulated to only for sentencing purpose[s] ... the jury did not reach that[.]” (Emphasis and ellipsis in original.) The letter continued, in relevant part:
For the probation office or the court to say I should be held responsible for 66 [kilograms] is unconstitutional.... It was not proven beyond a reasonable doubt[,] nor was this amount 66 [kilograms] nor the 1.5 [kilograms] submitted to the jury[.] The jurors are to be the fact finder not the judge ... it’s my constitutional right.
In other words, Washp'un did not contest the factual basis for the PSIR’s finding, only that it should have been found beyond a reasonable doubt by a jury. Because that claim would have failed, see United States v. Roberge, 565 F.3d 1005, 1012 (6th Cir.2009) (observing that judges may still engage in fact-finding to calculate the appropriate Guidelines range), the district court did not abuse its discretion in rejecting defendant’s letter, see White v. Mitchell, 431 F.3d 517, 533 (6th Cir.2005) (holding no abuse of discretion in refusing to further, consider issue at evidentiary hearing because it was “clearly meritless”).
In sum, the district court was under no obligation to accept defendant’s pro se filing because he was represented by counsel. The majority’s rationale for holding that the district court abused its discretion in rejecting defendant’s pro se letter lacks merit, legally and factually.
II.
Rather than error, this is a classic case of waiver — the presentation of a claim on appeal that a party intentionally relinquished below. Washpun claims that the district court erred in failing to calculate the amount of cocaine for which he was responsible. As the government correctly argues, defendant waived that claim by conceding that the PSIR attributed 66 kilograms of cocaine to defendant. Given his binding concession, the doctrine of waiver precludes defendant from seeking relief based on an argument he intentionally relinquished below. United States v. Davis, 751 F.3d 769, 777 (6th Cir.2014).
*517 The government observes that, in rare cases, this court will address waived issues “if the interests of justice demand relief, [and the party claiming error] meet[s] the requirements of plain-error review.” United States v. Lawrence, 735 F.3d 385, 430-31 (6th Cir.2013). Even assuming this were one of the rare cases, I would nonetheless hold that defendant cannot demonstrate he is eligible for a sentence reduction under the plain-error framework.
At the time of Washpun’s original sentencing, 38 was the highest base offense level under the drug quantity table, and it was reserved for offenses that involved “1.5 KG or more of Cocaine Base.” U.S.S.G. § 2Dl.l(c)(l) (1997). When Washpun filed his motion to reduce his sentence, 38 was still the highest base offense level under the drug quantity table, but it applied to offenses involving “25.2 KG or more of Cocaine Base.” Id, (2014). Thus, a sentence reduction is authorized under 18 U.S.C. § 3582(c)(2) and Amendment 782 only if defendant is responsible for less than 25.2 kilograms of cocaine.
The PSIR submitted before defendant’s original sentencing gave a “very conservative” estimate of 66 kilograms of cocaine for which defendant was responsible during the time frame of the conspiracy (1990 to 1997). At his original sentencing, Washpun’s counsel addressed the PSIR’s estimate, stating, “[Washpun] does not agree with the computation of the amount of cocaine that he allegedly dealt with.” (Emphasis added.) Counsel elaborated:
Very briefly, I think that’s contained in two specific sections as supported by the government’s sentencing memorandum. The one instance relates to the time frame of 1991 through 1993 where they indicate that Mr. Blackmon testified that he delivered four and a half ounces of crack cocaine two to three times a week on credit. I would, only indicate on the record that that total would be 26 kilos. The other one, the other factual instance, which is the one I’d like to direct my remarks to, is the period from, and this is a broad statement of time, from 1995 and 1997. And that testimony essentially states that for that broad period of time, without any specifics, 9 to 18 ounces of crack cocaine was delivered to Darryl Ford, not to Mr. Charles Wash-pun.
Counsel went on to discuss the factual basis for the amount attributed to him between 1995 and 1997. However, counsel did not contest the factual basis for the period between 1991 and 1993, and argued that the computation of the amount for that period totaled only 26 kilograms. As counsel said, “[Wje’re really talking about 26 kilos instead of 66.”
According to defendant, at the time of his original sentencing, then, he was responsible for 26 kilograms of cocaine. “If the record indicates that there was a finding of a specific quantity of drugs, either because the original sentencing judge made a specific finding or because the defendant admitted to a specific quantity, then the modification court must use that quantity and determine whether applying the retroactive amendment has the effect of lowering the Guideline range[.]” United States v. Valentine, 694 F.3d 665, 670 (6th Cir.2012). Using the 26-kilogram amount defense counsel conceded was attributable to defendant between 1991 and 1993, it would not be error, let alone plain error, for the district court to conclude that defendant is ineligible for a sentence reduction under Amendment 782.
The majority opinion would apparently take a different view, given its contention that “[t]he comments made by Washpun’s attorney at sentencing cannot serve as a substitute for this determination, as they *518 were made in a different context.” Yet, this is just another way of saying, had counsel known the threshold amount would have increased to 25.2 kilograms, he would not have accepted the 26-kilogram computation. The same could be said for any factual concession that later turns out to be dispositive. Defendant, through counsel, made a factual concession. It was a strategic choice. The PSIR suggested an upward departure, and counsel hoped to keep the departure as small as possible. To that end, Washpun’s trial counsel objected to the PSIR’s calculation of the total amount of cocaine for which defendant was responsible. He focused on the amount attributed to Washpun during 1995 and 1997. In so doing, he expressly conceded that defendant was responsible for 26 kilograms between 1991 and 1993. Given that concession, defendant cannot demonstrate plain error in finding him ineligible for a sentence reduction under Amendment 782.
III.
Intermediate appellate courts play an important, but limited, role in our judicial system. When we decide issues not raised by the parties — and worse, reverse the judgment of another tribunal on that basis — it erodes confidence in a predictable appellate process, for both the parties and the lower court. Whether the district court abused its discretion in rejecting defendant’s pro se submission is not an issue before us; even if it were, the standard the majority applies for assessing the district court’s exercise of discretion is not correct; and even if it were, defendant’s pro se submission does not satisfy that standard.
The question presented is whether the district court erred in finding defendant ineligible for a sentence reduction under Amendment 782. Because defendant intentionally relinquished any claim for a sentence reduction in the district court, he is foreclosed from seeking relief on that basis in this court. Even assuming waiver’s narrow relief-valve applies in this case, I nonetheless would hold that, given his concession at sentencing to being responsible for 26 kilograms of cocaine, defendant cannot demonstrate plain error.
For these reasons, I respectfully dissent and would affirm.