Arnold REISMAN;  Ellen Reisman,
Plaintiffs–Appellants,

v.

C. Ashley BULLARD, et al.,
Defendants–Appellees.

No. 00–4286.

United States Court of Appeals,
Sixth Circuit.

June 20, 2001.

Before JONES, DAUGHTREY, and
COLE, Circuit Judges.

Arnold Reisman and Ellen Reisman, Ohio residents proceeding pro se, appeal a district court order dismissing their action filed against Internal Revenue Service ("IRS") employees. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, the Reismans sued eleven IRS employees. The action arose out of the Reismans' dispute with the IRS over a tax deficiency. The Reismans' second amended complaint raised, *inter alia,* the following claims: (1) IRS employees conspired to deny the Reismans information under the Freedom of Information Act ("FOIA"); (2) IRS employees conspired to commit libel, slander, and defamation; (3) IRS employees conspired to violate provisions of the IRS Handbook for Rules of Conduct; (4) IRS employees violated 26 U.S.C. §§ 7430, 7431 and 7609; and (5) certification by the United States Attorney to substitute the United States as the defendant violated the Reismans' Seventh Amendment right to a trial by jury. The United States moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1), (4), and (6). The magistrate judge recommended substituting the United States as the defendant and dismissing the complaint with the exception of the Reismans' claim under 26 U.S.C. § 7609. The district court dismissed the action in its entirety.

In their timely appeal, the Reismans argue that the district court erred by: (1) substituting the United States as the defendant without holding an evidentiary hearing; (2) not ruling on discovery motions filed by the Reismans; (3) holding that the Reismans did not exhaust their administrative remedies; (4) holding that the Reismans raised no constitutional claims; and (5) concluding that the IRS manual was not binding authority.

Initially, we note that the Reismans have dropped many of the claims they raised in the district court by not raising them on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). On appeal, they make no reference to the district court's dismissal of their claims brought under RICO, the Privacy Act, and 26 U.S.C. §§ 7430, 7431 and 7609. Accordingly, the Reismans have abandoned these claims and they will not be addressed further.

■ Upon de novo review, we conclude that the district court properly substituted the United States as the defendant in this action. *See Coleman v. United States,* 91 F.3d 820, 823 (6th Cir.1996). In their second amended complaint, the Reismans alleged that the IRS employees improperly acquired records of Arnold Reisman's settlement with his former employer, refused the Reismans' FOIA requests without justification, and spread lies about the Reismans through internal IRS communications. The United States Attorney's certification that the IRS employees were acting within the scope of their employment constituted prima facie evidence in support of substitution. *See Coleman,* 91 F.3d at 823; *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1143 (6th Cir.1996). No evidentiary hearing or discovery was required because, even if the IRS employees violated the IRS Handbook, the FOIA, or other law as the Reismans claimed, the employees acted within their authority and during the course of employment. *See RMI Titanium Co.,* 78 F.3d at 1143.

■ The Reismans' argument that they presented a constitutional claim not subject to substitution under 28 U.S.C. § 2679(b)(2)(A) is without merit. In their objections to the magistrate judge's report, the Reismans emphasized that the dispa-

rate treatment they received constituted a constitutional violation. The Reismans at no time, however, claimed that the IRS employees targeted them for disparate treatment because of the Reismans' membership in a protected class. *See McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990). Accordingly, their allegations do not bring their case within the exception to the substitution rule in 28 U.S.C. § 2679(b)(2)(A).

 We also agree with the district court that the Reismans' failure to exhaust administratively their tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, and their document requests under the FOIA deprived the district court of jurisdiction. *See In re Steele*, 799 F.2d 461, 465–66 (9th Cir.1986); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir.1981). Although it is undisputed that the Reismans made many informal inquiries to the IRS and communicated their displeasure over the agency's audit of their income tax return, they did not establish that they ever filed a proper FTCA claim with the IRS or that such a claim was denied by the agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981); *see also* 28 C.F.R. § 14.2(a). Moreover, the United States is immune from suit for libel and slander because the FTCA does not waive sovereign immunity for such claims. *See* 28 U.S.C. § 2680(h). In addition, the Reismans failed to show that they exhausted their FOIA remedies by requesting specific information in accordance with published administrative procedures and having their request improperly refused

before they brought their district court action. *See* 5 U.S.C. § 552(a); *In re Steele*, 799 F.2d at 465–66.

Finally, the Reismans' argument that the IRS Handbook is binding authority is without merit. The provisions of the manual do not have the force and effect of law. *See Valen Mfg. Co. v. United States*, 90 F.3d 1190, 1194 (6th Cir.1996).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.