**T.J. THOMPSON, Plaintiff–Appellant,**

v.

**Jennie E. BARKEY, et al., Defendants;**

**William R. McMurray; General Motors, United Auto Workers Pension Plan Administrator; General Motors Trust Group; National Bank of Detroit, Defendants–Appellees.**

No. 02–1660.

United States Court of Appeals, Sixth Circuit.

April 1, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and BARZILAY, Judge.*

---

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

**586**

*ORDER*

T.J. Thompson, proceeding pro se, appeals a district court judgment denying his Fed.R.Civ.P. 60(b) motion essentially seeking to reopen his civil case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Thompson sued a General Motors Pension Plan Administrator (McMurray), General Motors Trust Group (GM), the National Bank of Detroit (NBD), a Genessee County Circuit Court Judge (Beagle), numerous employees of the Genessee County Friend of the Court (FOC defendants), and his former fiancé and mother of his children (Ingraham). Thompson essentially alleged that the FOC improperly amended an order concerning his child support payments, and that his pension payments were improperly withheld in compliance with the invalid amended orders. Thompson claimed that: 1) the defendants' conduct violated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001; and 2) the defendants' conduct violated his due process rights and his civil rights.

Subsequently, in an order dated March 12, 1999, Beagle and the FOC defendants were dismissed from the action. On August 12, 2000, Ingraham was also dismissed from the case. Thereafter, the remaining defendants filed motions for summary judgment. Upon review, a magistrate judge filed a report recommending that the district court grant the defendants' motions for summary judgment because Thompson had not filed his complaint within the applicable statute of limitations. Over Thompson's objections, the district court adopted the magistrate judge's recommendation and granted summary judgment to the defendants in an order entered on May 15, 2001. Thompson filed a notice of appeal on June 15, 2001. A panel of this court granted NBD's motion to dismiss the appeal as untimely.

Thereafter, Thompson filed a motion construed as a Rule 60(b) motion to reopen the case. Upon review, the district court concluded that Thompson had not cited any extraordinary circumstances warranting relief. Hence, on April 18, the court denied the motion. On May 6, 2002, Thompson filed an "amended" notice of appeal. A panel of this court denied NBD's motion to dismiss the appeal as untimely, but limited the appeal to issues regarding the April 18, 2002 order denying Fed.R.Civ.P. 60(b) relief. In his appellate brief, Thompson essentially challenges the prior district court orders dismissing his civil rights claims and granting summary judgment on his ERISA claims.

Upon review, we conclude that the district court properly denied Thompson's Rule 60(b) motion. This court reviews a district court order denying Rule 60(b) relief for an abuse of discretion. *See Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir.1996). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). A court abuses its discretion when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. *Id.* An appeal from the denial of Rule 60(b) relief does not bring up the final judgment for review. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Peake v. First Nat'l Bank*, 717 F.2d 1016, 1020 (6th Cir.1983).

Thompson has failed to satisfy any of the standards set forth in Rule 60(b). He has not presented any evidence establish-

ing mistake, newly discovered evidence, fraud, a void judgment, or a satisfaction or release from a prior judgment. Rather, the present motion represents an attempt to relitigate the claims asserted in the underlying case. Thompson's claims have been fully considered by the district court. Because Thompson sought only to relitigate issues already decided, the district court acted within its considerable discretion by denying Rule 60(b) relief. *See Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966) (attempt to relitigate a patent claim based upon unsubstantiated allegations of fraud).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.