NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0402n.06

No. 08-2171

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Jun 17, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff - Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| JAMES SHYQUAN FLOWERS, | ) | **O P I N I O N** |
| | ) | |
| Defendant - Appellant. | ) | |

_____

Before:  BATCHELDER, Chief Judge; BOGGS and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  Defendant James Flowers appeals the 144-month within-Guidelines sentence imposed following his guilty plea, arguing that the plea agreement's appellate-waiver provision does not preclude this appeal and should not be enforced because of ineffective assistance of counsel, that his sentence is procedurally unreasonable because the district court incorrectly calculated the Guidelines range and failed to assess the value of his substantial assistance, and that the court abused its discretion in rejecting his *pro se* motion for a downward departure or a variance.  We dismiss Flowers's appeal pursuant to his plea agreement.

I

A grand jury returned an indictment charging Flowers with one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).  Pursuant to a written plea agreement, Flowers pleaded guilty to the sole count of the

indictment. One condition of the plea agreement was that Flowers waive the right to challenge his sentence on appeal, "except . . . on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range." R. 23 [hereinafter Plea Agreement], at 3, ¶ 5B. The plea agreement also allowed Flowers to file a post-conviction attack, pursuant to 28 U.S.C. § 2255, based on a claim of ineffective assistance of counsel.

Flowers's Presentence Investigation Report ("PSR") determined that he had an offense level of 29 and a criminal-history category of V, resulting in a Guidelines range of 140 to 175 months. Of particular relevance to this appeal, the PSR found that Flowers had served 115 days on an earlier marijuana-possession offense, which increased his criminal-history level by two points. Counsel objected in writing, arguing that Flowers in fact received a lesser sentence for this conviction, but the PSR rejected the argument.

Prior to his sentencing hearing, Flowers filed a *pro se* motion for a downward departure or a variance with an attached letter of allocution, in which he asked the court to consider the 100:1 sentencing disparity between crack- and powder-cocaine offenses, as well as several other factors under 18 U.S.C. § 3553(a). The magistrate judge rejected this pleading and ordered Flowers to file all motions and documents through his court-appointed attorney or submit them during his allocution on the day of sentencing. The court returned Flowers's motion papers to him by mail, along with a copy of the order. However, Flowers never received the letter, which was returned to the court as undeliverable.

At sentencing, the Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1, on grounds that Flowers provided substantial assistance to the investigation. The district court granted the motion and reduced Flowers's offense level to 28, resulting in a Guidelines range

of 130 to 162 months. The court sentenced Flowers within that range, to 144 months of imprisonment. Flowers raised no objection at the hearing, either through his attorney or in his allocution.

On appeal, Flowers challenges the sentence's procedural reasonableness and argues that the district court abused its discretion by failing to consider several mitigating factors that were raised in his rejected *pro se* motion.

## II

Flowers claims that his sentence is procedurally unreasonable because the district court erred in calculating the advisory Guidelines range and did not fully assess the value of his substantial assistance to the Government. The Government asserts that Flowers's objections are waived under the plea agreement because he failed to raise them at sentencing. Flowers responds that his objections were preserved in earlier court filings, notably in his objections to the PSR. Alternatively, he argues that the waiver should not be enforced because his trial counsel was ineffective.

### A

A defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). This court reviews *de novo* whether a defendant validly waived his appellate rights. *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).

Flowers argues that the plea agreement's waiver provision does not apply because the grounds on which he appeals his sentence were preserved in various court filings made before the actual sentencing. The PSR indeed confirms that both Flowers and his attorney lodged objections:

> On June 17, 2008, [Flowers's attorney] submitted a written response to the [PSR] detailing several objections or requested changes to the report. This officer has also received numerous letters from Mr. Flowers regarding additional objections he would like noted in the [PSR]. This officer has discussed the objections with defense counsel and two objections remain unresolved.

Addendum to PSR 1. The first objection to which the Addendum refers is unrelated to this appeal. However, the second objection concerns whether the PSR correctly determined that Flowers served a 115-day sentence for his marijuana-possession conviction, resulting in two criminal-history points being added to his total. *Id.* at 2.

Although counsel raised the objection in response to the PSR, this was not enough to preserve the issue on appeal because the plea agreement's plain terms state that Flowers may only appeal his sentence on grounds "preserved *at sentencing*." Plea Agreement 3, at ¶ 5B (emphasis added). Counsel's sentencing memorandum, filed after the PSR addendum, opened by stating "There are no unresolved objections to the Presentence Report," R. 36, at 1, and counsel raised no objection during sentencing. During allocution, Flowers spoke at some length but did not object to the criminal-history scoring. Thus, Flowers's objection was not preserved at sentencing and the appellate-waiver provision applies.[1]

---

[1] The court notes that Flowers has offered a reasonable, plausible explanation for his position that he served only 27 days for his marijuana-possession offense. The PSR indicates that Flowers was arrested on February 3, 1998, in possession of several marijuana "baggies." At the time, police discovered that Flowers had violated probation for a prior offense and that there was a warrant for his arrest. Flowers pleaded guilty to violating probation and was sentenced to 90 days, with credit for four days previously served; he began his sentence on February 4. On May 28, 1998, Flowers pleaded guilty to possessing marijuana, the offense that led to his arrest on February 3.

Based on these dates, the PSR reasoned that Flowers completed his probation-violation sentence on May 28, the same day he was sentenced in the drug case. The PSR further deduced that Flowers received 115 days for the drug offense, with credit for 86 days served for violating probation. Therefore, the PSR assessed two criminal-history points for the drug conviction, *see* U.S.S.G. § 4A1.1(b)-(c) (attributing two points to prior sentences over 60 days and one point to

Flowers's remaining challenges are similarly unpreserved. Flowers did not object at sentencing to the district court's failure to consider the argument, raised in his *pro se* motion for downward departure, that his sentence should be reduced because of the 100:1 crack-versus-powder cocaine disparity. Neither did Flowers argue that the court failed to fully assess the value of his substantial assistance when ruling on the Government's downward-departure motion under § 5K1.1. Thus, these arguments are also waived.

**B**

Flowers argues that the plea agreement's waiver provision should not be enforced because his trial counsel was ineffective by failing to raise the criminal history issue at sentencing. A waiver of appeal rights may be challenged on the grounds that it was the product of ineffective assistance of counsel. *See In re Acosta*, 480 F.3d 421, 422 n.2 (6th Cir. 2007); *United States v. Payton*, 380 F. App'x 509, 513 (6th Cir. 2010); *United States v. Atkinson*, 354 F. App'x 250, 252-54 (6th Cir.

lesser sentences), resulting in a total of ten points and placing Flowers in criminal-history category V.

Flowers disputes the PSR's calculations. In particular, he asserts that he completed his probation-violation sentence on May 1, 1998. The court notes that an 86-day sentence beginning on February 4, 1998, would indeed have ended on May 1, not May 28. Flowers argues that his probation-violation sentence was fully discharged when he was sentenced in the drug case; therefore, the court could not have ordered the two sentences to run concurrently. Flowers concludes that his drug-possession sentence ran 27 days, from May 1 to May 28, 1998. If this is true, Flowers's marijuana conviction was worth only one point, *see* § 4A1.1(c), and therefore his correct criminal-history category was IV. (The court notes that there is some confusion as to when Flowers completed his drug sentence: in the same paragraph, the PSR states that he was released on May 28 and June 17, 1998. *See* PSR 9-10, at ¶ 42. If so, Flowers's marijuana sentence would have been 47 days, but still worth only one criminal-history point under § 4A.1.1). Flowers also provides evidence that he requested that state authorities provide him with the sentencing transcript and PSR for his drug offense, but was told that neither was available. *See* Def.'s Supp. Br. Ex. A.

None of these claims were presented to the district court at sentencing and thus the issue was not adequately preserved for purposes of this appeal. Flowers's ineffective-assistance claim must be raised in a post-conviction motion under 28 U.S.C. § 2255. *See infra* Part II.B.

2009). Given Flowers's efforts and communications with the probation officer and Michigan courts, and his plausible account of how much time was properly attributable to the marijuana offense, he may very well have contemplated that trial counsel would raise this objection at sentencing. However, the record is not adequately developed on this issue. Flowers's claim of ineffective assistance of counsel is more appropriately raised in a post-conviction motion under 28 U.S.C. § 2255. *United States v. McCarty*, 628 F.3d 284, 295-96 (6th Cir. 2010) (quoting *United States v. Long*, 190 F.3d 471, 478 (6th Cir. 1999) ("We generally will not review an ineffective assistance of counsel claim on direct appeal, as such claims are more appropriately raised in a post-conviction motion under [] § 2255 when an adequate record may be developed on the issue.")).

## C

Flowers's final argument is that the district court abused its discretion in rejecting his *pro se* motion for a downward departure or a variance and attached letter of allocution, which the district court mailed back to him, but they were returned to the district court as undeliverable. Assuming arguendo that this claim is not barred by the plea agreement, it fails nonetheless. Although a criminal defendant has a constitutionally protected right to present his own defense in addition to a constitutionally protected right to be represented by counsel, he has no right to hybrid representation. *See United States v. Cromer*, 389 F.3d 662, 680 (6th Cir. 2004); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."). This court has declined to consider *pro se* arguments where the defendant is represented by counsel, *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) (citing *United States v. Howton*, 260 F. App'x 813, 819 (6th Cir. 2008)), as have district courts within this circuit, *see United States v. Degroat*, No. 97-CR-20004-DT-1, 2009 WL 891699, at *1 (E.D. Mich. Mar. 31, 2009) (striking

6

defendant's *pro se* motion, noting "now that Defendant is represented by counsel, all filings must be made by the attorney of record.").

Flowers argues that under Fed. R. Crim. P. 32 he had the absolute right to speak or present any information to mitigate the sentence, and that the rejection of his allocution letter was thus an abuse of discretion that requires resentencing. In addition, Flowers relies on 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." However, Flowers's right of allocution was not curtailed; he was permitted to address the court at sentencing, and would have been permitted to present the letter at that time had he attempted to do so. Although it is regrettable that the district court did not have Flowers's *pro se* motion and allocution letter before it at sentencing, we find no abuse of discretion in the magistrate judge's having rejected the motion because Flowers was represented by counsel at the time.

## V

For the foregoing reasons, we dismiss Flowers's appeal. However, Flowers may pursue his ineffective-assistance-of-counsel claim by way of a post-conviction motion under 28 U.S.C. § 2255, which is expressly permitted by his plea agreement.

7