**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0812n.06

Case Nos. 14-4135; 15-3083

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 11, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| RALPH A. ROHNER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: SILER, CLAY, and GIBBONS, Circuit Judges.

**SILER**, Circuit Judge. In this civil tax case, Ralph Rohner appeals from the district

court's order denying his motions for summary judgment and to compel certain discovery and

granting summary judgment in favor of the United States. (No. 14-4135.) In a separate appeal,

Rohner also challenges the district court's denial of his motions for relief from judgment under

Rule 60(b) of the Federal Rules of Civil Procedure. (No. 15-3083.) For the reasons stated below,

we **AFFIRM**.

### FACTUAL AND PROCEDURAL BACKGROUND

Rohner did not directly pay federal taxes in 1996, 1997, 2000, 2001, 2003, 2006, and

2008.[1] The Internal Revenue Service ("IRS") filed substitute returns and assessed tax liability for

---

[1] The record is not clear as to the extent that taxes were withheld from payments made to Rohner. He produced a tax return that he filed for the 1997 tax year, and it shows that he claimed that he accrued no taxable income that year but nonetheless was entitled to a $ 3,366.66 refund due to withheld taxes.

each of these years. The IRS also assessed a penalty against Rohner under 26 U.S.C. § 6702(b) for the 2006 tax year.

In 2012, the Government filed a complaint against Rohner seeking to reduce its assessments against him to judgment, and the district court subsequently referred the case to a magistrate judge for pretrial supervision. Rohner submitted an expert report by Victoria Osborn, a fraud examiner and accountant, who outlined certain alleged inconsistencies and deficiencies in the assessment materials. Rohner's attorney took the deposition of Patrick Frazee, an IRS Revenue Officer who worked on Rohner's file. In response to the Government's objections and its advice to Frazee not to answer certain questions, Rohner filed a motion to compel the reconvening of Frazee's deposition, to compel the production of documents Frazee transmitted to a Government attorney, and to extend the dispositive motion deadline. The Government responded that the additional testimony sought from Frazee was not relevant and was prohibited by Department of the Treasury regulations and that all documents requested had already been produced. The parties subsequently filed cross-motions for summary judgment.

The magistrate judge recommended that the Government's motion for summary judgment be granted and that Rohner's motions for summary judgment and to reconvene Frazee's deposition be denied. Specifically, the magistrate judge found that (1) the Government presented sufficient proof that it mailed Rohner deficiency notices, (2) Rohner did not present credible evidence to counter the validity of the assessments, and (3) the testimony sought from Frazee was not relevant to any issue in the case. Rohner filed objections.

Before the district court ruled on the objections, Rohner entered a notice of appearance purporting to represent himself as "pro se co-counsel." On his own behalf, he then filed a "motion for order of judicial notice"—a byzantine document raising a variety of issues. In

response, the Government filed a motion to strike Rohner's pro se filings, arguing that Rohner could not represent himself pro se while also being represented by counsel, the documents were improperly filed, the motion exceeded the page limit established by local rule, and the information presented to the court was not the proper subject of judicial notice. Rohner, both personally and through counsel, filed objections.

The district court denied Rohner's motions to reconvene Frazee's deposition, denied his motion for summary judgment, and granted summary judgment in favor of the Government. The court reasoned that (1) Rohner offered no credible evidence to counter the assessments' presumed correctness, (2) he had not shown how Frazee's testimony would be relevant, (3) the statute of limitations for the 1996 and 1997 assessments had been tolled by the pendency of a Collection Due Process ("CDP") hearing, and (4) no merit existed in Rohner's objection to the adequacy of the legal citations in the report and recommendation. In the process of reaching its ruling, the court also construed the Government's motion to strike as a motion to disregard Rohner's pro se filings and granted it.

Rohner filed a motion for reconsideration claiming that the court failed to distinguish between the "original" assessments and the "deficiency" assessments in calculating the limitations period and that the limitations period for the 1997 assessment was tolled two months longer than it should have been due to a transposition error. Rohner again argued that the testimony sought from Frazee was relevant and that the court should have considered his pro se filings. He also contended that the IRS acted improperly by filing a lien on certain property that Rohner appears to have placed in trust for his mother—an argument originally raised in the pro se "motion for order of judicial notice." In denying the motion, the court noted that Rohner's arguments were merely reassertions of arguments it had previously rejected and did not warrant

further attention, except for his assertion that the statute of limitations had expired for the 1996 and 1997 tax years. The court ultimately rejected this claim, noting that the statutes of limitations for the 1996 and 1997 assessments began to run on April 2, 2001, and December 18, 2000, respectively—the dates the IRS first assessed actual dollar amounts of unpaid taxes.[2] To account for the alleged transposition, the court noted that any operative statute of limitations is tolled during the pendency of a CDP hearing and for sixty days thereafter under 26 U.S.C. § 6503(a)(1), rather than merely to the date of the final judgment as Rohner alleged.

Rohner thereafter filed a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. In this motion, he claimed that the IRS improperly filed substitute returns in his file for 1996 and 1997 because he submitted tax returns for those years. Rohner attached to the motion a copy of the 1997 return. He also alleged, again, that the limitations period should have run from the date of the "original" assessments, rather than the date the IRS assessed an actual dollar amount of tax.

Before the court ruled on the Rule 60(b) motion, Rohner filed the first notice of appeal in this matter. He then moved for a stay of judgment and submitted an amended motion for relief for judgment under Rule 60(b). In the amended motion, he argued that the Government committed "[s]erious error" by "blanking out" certain "transaction codes" in documents it produced during discovery, resulting in a "gross miscalculation of the limitations period . . . ." He also claimed that the IRS wrongly withheld his 1996 and 1997 tax returns during discovery and improperly conducted the CDP hearing in this case, again affecting the limitations period. Finally, he averred that the IRS filed an illegal lien against property held in trust.

---

[2] After the court ruled on the motion for reconsideration and entered judgment, Rohner filed a second motion for reconsideration, which the court granted to the extent it called for a minor clarification to Rohner's statute of limitations argument. Nevertheless, the court found, again, that the statute of limitations had not run.

The district court denied these motions, reasoning that, due to the timing of Rohner's Rule 60(b) motions and his notice of appeal, it only retained jurisdiction to deny the motions or, if it found they had merit, to indicate that it would grant them under Rule 62.1(a) of the Federal Rules of Civil Procedure. The district court rejected Rohner's argument that he filed returns for 1996 and 1997 because he offered no explanation for why he raised it for the first time in his motion for relief from judgment. Moreover, the court found that this argument lacked merit because the IRS had no obligation to accept a return that was clearly false or fraudulent. The court also found that Rohner's statute of limitations arguments were merely attempts to relitigate issues already decided. As for the missing codes, the court reasoned that even if the documents provided in discovery did not include the codes, Rohner had not demonstrated how they impacted the statute of limitations. The court also rejected Rohner's argument that CDP hearing was procedurally deficient and his challenge to the validity of the lien, as these issues were not previously raised or were already decided.[3] Following this ruling, Rohner filed his second notice of appeal.

## DISCUSSION

On appeal, Rohner argues that the district court erred in (1) treating the IRS's tax assessments against him as reliable in granting summary judgment in the Government's favor, (2) "failing to recognize" certain "discovery violations," (3) "failing to reconvene" Frazee's deposition, (4) improperly disregarding Rohner's pro se filings, and (5) declining to grant him relief from judgment under Rule 60(b).

---

[3] The court also declined to grant a stay of judgment. Rohner does not challenge this determination on appeal.

## I.     The Reliability of the IRS's Assessments

We review a district court's grant of a motion for summary judgment de novo. *Hughes v. McCarthy*, 734 F.3d 473, 478 (6th Cir. 2013). We also review de novo a district court's denial of a summary judgment motion on strictly legal grounds. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 598 (6th Cir. 2012) (citing *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 459 (6th Cir. 2011)).

The IRS's tax assessments enjoy "a legal presumption of correctness" in civil cases. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). If an assessment is supported by "a minimal evidentiary foundation," the "burden of disproving" it rests on the taxpayer. *United States v. Hammon*, 277 F. App'x 560, 563 (6th Cir. 2008) (citing *United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990); *United States v. Besase*, 623 F.2d 463, 465 (6th Cir. 1980)). To meet this burden in most cases, the taxpayer must show "the determination to be incorrect or arbitrary." *Indmar Prods. Co. v. Comm'r*, 444 F.3d 771, 776 (6th Cir. 2006) (citing *Ekman v. Comm'r*, 184 F.3d 522, 524 (6th Cir. 1999)). But if the taxpayer can only prevail by "proving a negative assertion"—as when a taxpayer contends that he did not, in fact, receive income the IRS has attributed to him—he is only required to make a "[r]easonable denial[] of the assessment's validity . . . to shift the burden back to the government." *Hammon*, 277 F. App'x at 563 (first alteration in original) (quoting *Besase*, 623 F.2d at 465). "Vague and general denials" of an assessment's accuracy do not, however, establish a reasonable denial sufficient to shift the burden to the Government. *Id.* (citing *Walton*, 909 F.2d at 922; *Williams v. United States*, Nos. 93-5965, 93-5966, 1995 WL 21431, at *4 (6th Cir. Jan. 19, 1995) (per curiam)).[4]

---

[4] Rohner argues that the 1998 enactment of 26 U.S.C. § 7491(a) abrogated the existing regime of presumptive regularity for IRS assessments. Section 7491(a)(1) provides that "[i]f, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax . . . , the [Government] shall have the burden of proof with respect to such issue." Rohner has

Rohner makes several arguments as to why the district court should not have treated the IRS's assessments as reliable in this case. At the analytical threshold, he claims that the presumption of correctness should not have attached to the IRS's assessments because the Government did not present a minimal evidentiary foundation for the calculations therein. However, the first clear statement of this argument appears in his reply brief for Case No. 14-4235, and we have regularly held that arguments initially raised on appeal in a reply brief are waived. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010). While Rohner mentions the Government's failure to provide evidentiary support for the assessments at certain points in his opening brief, these references were, at most, made in passing, and he did not develop the argument. Matters "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,' and . . . '[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) (second and third alterations in original) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see also White Oak Prop. Dev., LLC v. Washington Twp., Ohio*, 606 F.3d 842, 850 (6th Cir. 2010). Therefore, Rohner has waived his ability to argue on appeal that summary judgment was improper because the assessments lacked a sufficient evidentiary foundation.

Rohner's claims that he otherwise overcame the assessments' presumptive correctness lack merit. First, he contends that the assessments in this case should not be treated as reliable because Government Accountability Office ("GAO") audits have found "IRS computer printouts" to be "inaccurate, unreliable, and untrustworthy" *in general*. But Rohner does not connect the reports to the particular assessments at issue in this case. In essence, his position is

not presented a cogent argument as to how this "credible evidence" standard is more favorable to his position than the "reasonable denial" standard discussed *supra*.

that, due to the GAO's conclusions, *all* electronic IRS documents are unreliable. His reasoning on this point amounts, therefore, to a general denial that the assessments were correct, which will not overcome the presumption to the contrary. *See Hammon*, 277 F. App'x at 563.[5]

To argue against the presumptive reliability of the assessments, Rohner also points to the Government's conduct during discovery, including its allegedly inadequate responses to requests for production of documents, the withholding of Frazee's work product, and the failure to provide "a complete list of the IRS['s] due process requirement[s] for taxpayer hearings and proceedings." As the district court properly noted, Rohner has not connected any of these matters to the validity of the assessments. These arguments are, therefore, mere vague denials of the assessments' validity that will not defeat the presumption of accuracy. *See Hammon*, 277 F. App'x at 563.

Rohner also alleges "numerous violations involving the IRS administrative code and the agents' Internal Revenue Manual." This claim appears to focus on several alleged technical errors in the assessment process, including the Government's failure to comply with the requirements of *Williams v. United States*, No. 89-5740, 1990 WL 47555 (6th Cir. Apr. 17, 1990) (order), and a lack of proof of the production or mailing of the Notice and Demands.[6] At the outset, Rohner cannot claim relief based on a violation of the Internal Revenue Manual

---

[5] Additionally, Rohner's reliance on *Latif v. Obama*, 677 F.3d 1175 (D.C. Cir. 2011), and *Godfrey v. United States*, 997 F.2d 335 (7th Cir. 1993), is misplaced. The *Latif* court specifically rejected an argument that the *general* conditions under which documents related to Guantanamo Bay detainees were created defeated the general presumption that these records were accurate. *See Latif*, 677 F.3d at 1178–79. The panel reasoned that to accept such a claim "would render the traditional presumption of regularity wholly illusory," *id.* at 1179, an observation that applies equally to Rohner's assertion here. *Godfrey* found that certain computerized information was not sufficient to establish that the IRS mailed a particular refund check. *Godfrey*, 997 F.2d at 339. But, as the Government correctly notes, the *Godfrey* court explicitly stated that Certificates of Assessments and Payments, the documents at issue here, "constitute[] evidence that an assessment was made in accordance with the law." *Id.* (citation omitted).

[6] Rohner also claims that the IRS improperly filed Substitute Returns for the 1996 and 1997, but we consider this contention below under the standard for Rule 60(b) instead of Rule 56 because he first raised the argument in a motion for relief from judgment. *See, e.g.*, *Marietta Franklin Sec. Co. v. Muldoon*, No. 93-3432, 1994 WL 399550, at *3–4 (6th Cir. 1994) (per curiam) (addressing arguments raised for the first time in a motion to reconsider under the standards applicable to Rule 60(b)).

because it generally does not carry the force of law. *See Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (citing *Valen Mfg. Co. v. United States*, 90 F.3d 1190, 1194 (6th Cir. 1996)); *see also United States v. McKee*, 192 F.3d 535, 540 (6th Cir. 1999) ("[T]he [Internal Revenue] Manual was generally created for the agency's own internal administration, and not for the protection of taxpayers.").[7] Further, the Notice and Demand requirement of 26 U.S.C. § 6303(a) applies "only where the summary powers of the IRS to collect taxes administratively are concerned," not when the Government "maintain[s] a civil action against the taxpayer to obtain judgment for the amount due," as in the present case. *United States v. Berman*, 825 F.2d 1053, 1060 (6th Cir. 1987); *see also Anuforo v. Comm'r*, 614 F.3d 799, 805 (8th Cir. 2010). Finally, *Williams*, unlike this case, concerned challenges particular to tax liens, not civil collection suits. *See Williams*, 1990 WL 47555, at *1–3.

Additionally, Rohner argues that the report of his expert witness, Victoria Osborn, was sufficient to overcome the assessments' presumption of accuracy. Osborn, a fraud examiner and accountant, found that (1) certain discrepancies existed in the documentation of the 2006 penalty, (2) the Government had not established that the 1996 and 1997 Notices of Deficiency had been mailed to Rohner because it did not include a copy of a proof of mailing and attempted delivery to Rohner's last known address, and (3) the Government had not provided any evidence of the 2000, 2001, 2003, 2006, and 2008 Notices of Deficiency.[8] The Government subsequently attached the notices for these years to its reply.

---

[7] In dicta, *McKee* suggested that the IRS's non-compliance with Manual provisions designed to protect constitutional rights may be "relevant in determining whether a taxpayer's constitutional rights have been offended" in the context of a criminal case. *McKee*, 192 F.3d at 540–41. This dicta has since been called into question, *see United States v. Rutherford*, 555 F.3d 190, 194−97 (6th Cir. 2009), and, regardless, that situation is not present here.

[8] Although Rohner refers to the Notice and Demands in this portion of his brief, the expert report only discusses Notices of Deficiency.

Regarding whether the Government established that it mailed the notices to Rohner, the magistrate judge found that although the Government did not benefit from the presumption of mailing that would have been afforded it had it produced a completed Postal Service Form 3877, it had nevertheless met its burden to present the requisite "otherwise sufficient" evidence to show that the notices had been mailed because each Form 4340 stated that additional tax had been assessed "per default of 90 day letter." *See O'Rourke v. United States*, 587 F.3d 537, 540 (2d Cir. 2009) ("[W]hen the IRS (a) shows that the notice of deficiency existed and (b) produces a properly completed Postal Form 3877 certified mail log (or equivalent), it is entitled to a presumption of mailing . . . . [I]f the IRS is unable to make that showing, then it has the burden of proving timely mailing with evidence that is 'otherwise sufficient.'"). The magistrate judge ultimately recommended that because Osborn's report only pointed to a lack of documentation that the Government subsequently provided, and Rohner did not offer any other opposing evidence, the district court should find that the Government produced "sufficient evidence of proper mailing." The district court overruled Rohner's objections on this matter and further noted that he did not provide an affidavit that he never received the Notices of Deficiency.

Rohner relies on the expert report again on appeal, but he does not point to any affirmative evidence that the notices were not mailed. Therefore, he has not shown that a genuine issue exists as to whether proper mailing took place. *See Chappell v. City of Cleveland*, 585 F.3d 901, 913 (6th Cir. 2009) ("To make out a *genuine* issue of material fact, plaintiff must present significant probative evidence tending to support her version of the facts, *evidence* on which a reasonable jury could return a verdict for her." (citation omitted)).

Accordingly, Rohner has not come forth with evidence to counter the assessments' presumption of reliability. He has therefore failed to show that the district court erred in affording the Government this presumption in granting summary judgment in its favor.

## II. Discovery Matters

We review district court orders that limit or deny discovery—including denials of motions to compel discovery and requests for further discovery—for abuse of discretion. *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320 (6th Cir. 2015) (citing *Robertson v. Lucas*, 753 F.3d 606, 623 (6th Cir. 2014)); *Martinez v. McGraw*, 581 F. App'x 512, 517 (6th Cir. 2014) (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004)). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "a district court does not abuse its discretion in denying further discovery when the discovery requested is irrelevant to the underlying issue to be decided." *Marsico v. Sears Holding Corp.*, 370 F. App'x 658, 663 (6th Cir. 2010) (citing *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir. 1999)).

Rohner argues that the district court erred by declining to reconvene Frazee's deposition and by not allowing "more expansive document disclosures" related to Frazee's supposed allegations that Rohner engaged in fraudulent and criminal activity. At the outset, Rohner's assertion that "fraud and criminal allegations" made by Frazee provide the basis for further document disclosures appears to be without factual or legal basis. In his deposition, Frazee testified merely that he had "[c]onsulted with a fraud technical advisor" in relation to Rohner's file. He did not accuse Rohner of fraudulent or criminal activity. Moreover, the present case is a civil collection action, and the Government has not raised fraud allegations or stated that

criminal conduct occurred. (*See* R. 1.) Therefore, Rohner has failed to establish that the district court abused its discretion in this regard.[9]

Further, Rohner's contentions related to the Government's claims of privilege are unfounded because the district court did not rely on this basis in denying Rohner's motion to compel. The magistrate judge considered but did not approve the Government's assertion of privilege in relation to Frazee's deposition. He instead recommended that the district court deny the motion because the information sought was not relevant to any material issue in the case, and the court adopted this reasoning.

Rohner also maintains that the district court was wrong to conclude that the additional testimony sought from Frazee was irrelevant. Frazee stated during the deposition that he was generally involved in the collection process in this case, but his only participation in the assessments was in connection with Frazee's 2006 penalty. The magistrate judge found that Rohner's counsel's questioning was not relevant because it related to the content of the Internal Revenue Manual, alleged fraud accusations not actually made by the Government, and included speculative assertions of misconduct by the Government. In reaching the same result, the district court pointed out that Frazee had testified that he was only involved in the assessment process for the 2006 penalty, which Rohner did not contest.

As previously stated, neither the Internal Revenue Manual's contents nor fraud allegations against Rohner are at issue in this case. The district court was therefore correct in concluding that the testimony Rohner sought on these topics was not relevant and not discoverable. The only merits issue in this matter appears to be the validity of the IRS's

---

[9] Rohner cites *In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987), for support, but that case involved the "crime-fraud" exception to the attorney-client privilege, which applies where a client uses the advice of counsel in the furtherance of a crime or fraud. That scenario is not applicable to this case. Further, to the extent Rohner relies on the Internal Revenue Manual, it lacks the force of law, as discussed above.

assessments. While Rohner makes various—often confusing—assertions that the district court improperly determined that the testimony he sought from Frazee did not relate to the assessments' validity, he has not adequately shown error by connecting the evidence sought to an issue in the case. He claims only one concrete mistake in the district court's order: that, contrary to the court's determination, he did in fact challenge the 2006 penalty assessment. However, the documents containing that challenge were not filed by Rohner's attorney but rather in Rohner's individual capacity. As discussed *infra*, the district court properly disregarded these pro se filings.

At oral argument and sporadically throughout his briefs, Rohner also claimed that the Government's failure to produce in discovery the supporting documents the IRS relied on in assessing unpaid taxes warrants reversal. From an examination of the record, it appears that Rohner made requests for production that encompassed these materials, but the Government seems to have never provided these documents to him. In the context of a civil collection proceeding, the documents the IRS relies on in assessing unpaid tax to an individual generally fall within the scope of discoverable materials under Rule 26(b)(1) because they are relevant to the assessments' validity. *See Walton*, 909 F.2d at 919 (finding that a taxpayer can attack the "evidentiary foundation" of an assessment); *see also Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 538–39 (6th Cir. 2014) (noting that matters that are "directly relevant" to a party's claim or defense are generally discoverable). We are deeply troubled that the Government may have decided not to produce these documents to Rohner in the course of discovery.

Nevertheless, Rohner did not adequately present this issue to the district court. While he filed various discovery motions in the case, he did not move to compel the production of the

documents the Government relied on in making its assessments. Because Rohner never filed a motion to compel encompassing the materials underlying the assessments—and thus the district court never had an opportunity to grant or deny such a request—the only adverse ruling upon which he can base his appeal of this issue is the district court's grant of summary judgment. *See Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995).

To preserve an argument that summary judgment should not have been granted for want of additional discovery, a party must generally have submitted to the district court an "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment. Fed. R. Civ. P. 56(d); *see also Plott*, 71 F.3d at 1196.[10] Nevertheless, to avoid "unduly exalt[ing] form over substance," this circuit has not required a formal affidavit when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627–28 (6th Cir. 2002). Thus, if a party does not satisfy Rule 56(d)'s technical requirements, he must at least affirmatively demonstrate that the discovery sought would enable him to "adequately oppose the motion for summary judgment." *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003) (citations omitted).

Rohner never filed a Rule 56(d) affidavit or declaration in the district court, and his response to the Government's motion for summary judgment did not seek additional discovery related to the documents underlying the IRS's assessments. Instead, the response discussed the supporting documents only in the context of his argument that the assessments lacked a sufficient

---

[10] *Plott* and other cases decided before 2010 reference the previous Rule 56(f). The 2010 amendments to the Federal Rules of Civil Procedure incorporated the relevant portion of subsection (f) into subsection (d).

evidentiary foundation.[11] Moreover, the response did not mention Rule 56(d), and the only reference it contained to a need for further discovery was an advisement that the motion to reconvene Frazee's deposition and to compel the production of documents he transmitted to a Government attorney was still pending.[12]

Under these circumstances, we cannot conclude that the district court abused its discretion by not allowing additional time for discovery of the supporting documents before granting summary judgment in the Government's favor. Rohner never properly raised this issue in a discovery motion—as he did for the issues surrounding Frazee's deposition—and he did not file the affidavit or declaration required by Rule 56(d). Moreover, he never made a clear request for more time to discover the documents in his response to the Government's motion for summary judgment. Therefore, he neither "compl[ied] with the substance of Rule 56(d)" nor met its technical requirements in this instance. *Reliance Mediaworks (USA) Inc. v. Giarmarco, Mullins & Horton, P.C.*, 549 F. App'x 458, 464 n.2 (6th Cir. 2013).

## III.    Rohner's Pro Se Filings

In general, matters that "can broadly be labeled 'supervision of litigation'" fall within the sound exercise of a district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 558 n.1 (1988); *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 313 (6th Cir. 2005). The decision of whether to address issues raised in a document filed pro se by a represented party is a supervisory issue committed to a court's discretion. *See United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) ("declin[ing] to address" arguments raised on appeal by a represented party in a pro se brief). We therefore review these determinations for abuse of discretion.

---

[11] As previously discussed, Rohner has waived this argument on appeal.
[12] As stated above, the district court did not err in denying this motion.

Though Rohner claims a right to engage in partial self-representation, no such right exists in the federal system. Under 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This court and others have interpreted this provision as allowing a litigant to represent himself pro se or to obtain representation—but not both. *See United States v. Flowers*, 428 F. App'x 526, 530 (6th Cir. 2011); *O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982) (Friendly, J.); *United States v. Shea*, 508 F.2d 82, 86 (5th Cir. 1975). While a district court "may in [its] discretion permit a party to enjoy both halves of the statutory right, Section 1654 does not itself confer any right to 'hybrid representation.'" *O'Reilly*, 692 F.2d at 868 (citations omitted). Rohner did not, therefore, have a right to participate in his case as "pro se counsel" or "pro se co-counsel" while he was represented by an attorney.

Rohner has not otherwise established that the district court abused its discretion in disregarding his filings. This court and many district courts in this circuit routinely refuse to consider materials filed pro se by represented parties. *See Flowers*, 428 F. App'x at 530 (collecting cases). Rohner provides no information that would place the present matter outside the general practice—especially considering the prolixity of his pro se filings. Therefore, the district court did not err by refusing to consider these documents.

## IV.     The Rule 60(b) Motions

The Court reviews the denial of a Rule 60(b) motion for abuse of discretion. *Guy v. Lexington-Fayette Urban Cty. Gov't*, Nos. 14-5496, 14-5501, 2015 WL 4940365, at *6 (6th Cir. Aug. 20, 2015) (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978)); *Legg v. Chopra*, 286 F.3d 286, 294 (6th Cir. 2002).

Rohner argues that the district court erred in denying his motions for relief from judgment by (1) not finding that the Government's alleged removal of transaction codes in documents prevented an accurate calculation of the applicable limitations period for actions on the 1996 and 1997 assessments, (2) "failing to recognize the illegal and unconstitutional manner" in which the IRS conducted the CDP hearing for the 1996 and 1997 tax years, (3) "failing to recognize that denial of CDP [h]earings . . . legally precludes a later" civil action by the Government, and (4) not properly considering the existence of an allegedly illegal lien. Rohner also separately claims that the IRS lacked authority to enter the 1996 and 1997 Substitute Returns in his file, an argument he first raised in a Rule 60(b) motion. These contentions lack merit.

Rule 60(b) provides several specified reasons that a "court may relieve a party or its legal representative from a final judgment[ or] order." Before a court may grant a motion under the rule, "a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). Before the district court, Rohner argued only that Rule 60(b)(1) applied.[13] He has therefore waived his arguments that other subsections could provide relief. *See Grider Drugs, LLC v. Express Scripts, Inc.*, 500 F. App'x 402, 404−05 (6th Cir. 2012). Under Rule 60(b)(1), a court may provide relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." This subsection permits relief "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a

---

[13] In his first motion, Rohner specifically requested relief under only subsection (1). In his amended motion, Rohner does not reference any subsection of Rule 60(b). Nevertheless, he frames all of his arguments in terms of "error" that occurred. Thus, Rohner appears to have sought relief under the "mistake" prong of Rule 60(b)(1) in the second motion as well.

substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

Application of Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)), *cert. denied sub nom. Tyler v. Lazaroff*, 135 S. Ct. 370 (2014). Therefore, a party may not use a Rule 60(b) motion as "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Id.* (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Likewise, a district court acts within its discretion if it denies Rule 60(b) relief where a party seeks to "relitigate issues already decided." *Thompson v. Barkey*, 60 F. App'x 585, 587 (6th Cir. 2003) (order) (citing *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir. 1966)).

The district court properly refused to consider Rohner's arguments related to the CDP hearings and the 1996 and 1997 substitute returns because he raised them for the first time in his motion for relief from judgment. Though Rohner argues that he raised the CDP issues before the district court, this occurred in a pro se filing. As previously discussed, the district court properly disregarded this document. Therefore, the district court did not abuse its discretion by rejecting these arguments. *See Tyler*, 749 F.3d at 509. Likewise, Rohner has not demonstrated that the court abused its discretion in treating his statute of limitations arguments as attempts to relitigate previously decided issues. Rohner raised substantially similar arguments throughout the litigation, and they were rejected at each juncture.

Rohner's claim that he is entitled to relief because the Government produced documents that did not include certain transaction codes fares no better. His argument on this point is merely

another gloss on his oft-repeated claim that the trial court incorrectly calculated the limitations period by starting from the date of the "deficiency" assessment a rather than the "original" assessment. He claims that the once-missing codes somehow show that the prior, "original" assessment dates control. What he does not do, however, is adequately address the broader point made by the trial court that no amount of tax was actually assessed until a later date, which triggered the start of the limitations period. Therefore, he has not shown that the court applied an incorrect legal standard or otherwise abused its discretion in denying him relief.

Finally, Rohner's arguments that he is entitled to Rule 60(b) relief because the IRS illegally filed liens against property held in trust for his mother lack merit. Even assuming *arguendo* that the IRS did not validly obtain the liens, Rohner cites no legal authority to support the proposition that the existence of an improper lien would defeat the IRS's collection action. He merely states that the IRS's actions "demonstrate a pattern of misconduct . . . which calls all of its proceedings in[to] question[,] and this should cause all of [the] assignments of error to be sustained." Consequently, he has not established that the trial court made a clearly erroneous finding of fact, applied an incorrect legal standard, wrongly applied the correct standard, or made a clear error of judgment.

**AFFIRMED**.