NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0615n.06

No. 16-2380

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | FILED<br>Nov 08, 2017<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| KENNETH PARNELL WILLIAMS, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: SILER, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Kenneth Williams aimed a stolen pistol at a woman in the hallway of his apartment building, which terrified her. Once Williams realized that she was not a threat, he lowered the gun, told her that he was "doing a perimeter check," and left her alone. He eventually pled guilty to possessing a stolen firearm in violation of 18 U.S.C. § 922(j). The district court sentenced him to a term of 96 months' imprisonment, which was within his Guidelines range. He now appeals this sentence, claiming that the court based his Guidelines range on the wrong offense level and criminal-history category. We affirm.

In determining the Guidelines range, the district court increased the offense level by four because Williams had used the stolen gun to commit a felony—assault with a dangerous weapon—against the woman in the hallway. See U.S.S.G. § 2K2.1(b)(6)(B); Mich. Comp. Laws § 750.82. Williams argues that he lacked the necessary intent to commit that crime. The district

court found otherwise, and we review that finding for clear error. *See United States v. Taylor*, 648 F.3d 417, 431-32 (6th Cir. 2011).

Assault with a dangerous weapon under Michigan law requires (among other things) intent to injure or to place the victim in reasonable fear of an immediate battery. *See People v. Jackson*, 790 N.W.2d 340, 343 n.2 (Mich. 2010). Here, Williams chambered a round in a pistol, and the woman, who had just entered his apartment building, heard a metallic cocking sound. He then pointed the gun at her, apparently thinking that she was somebody else. From those actions, the district court reasonably inferred that Williams intended to make whoever had just entered the building afraid of being shot. *See People v. Lawton*, 492 N.W.2d 810, 815 (Mich. Ct. App. 1992). That was enough to satisfy the intent element and thus to increase the offense level under U.S.S.G. § 2K2.1(b)(6)(B).

In arguing otherwise, Williams focuses on what happened after he took aim at the woman: he realized that she was harmless, and lowered the gun. But the district court found that he had the necessary intent earlier, when he pointed the pistol at her, presumably to freeze her in place for purposes of his "perimeter check." That was the moment that mattered. His actions thereafter might show that he no longer intended to cause fear; they do not prove that the court's finding of intent was clearly erroneous.

Williams also argues that the district court should not have assessed him three criminal-history points for a 1994 escape conviction. At sentencing, he claimed that the conviction should not count because he completed the sentence for it more than 15 years before committing his current offense. *See* U.S.S.G. § 4A1.2(e)(1). Here he argues the opposite: the conviction should not count because he never served the sentence for it. *See id.* § 4A1.2 cmt. n.2. Per his plea agreement, he waived challenges to his Guidelines range unless he "objected at sentencing on

that basis[.]"  Since the "basis" that he asserts now differs from the one that he asserted below,

he has waived it.  *See United States v. Flowers*, 428 F. App'x 526, 529 (6th Cir. 2011).

The district court's judgment is affirmed.