NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0143n.06

No. 17-6253

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Mar 16, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RAMA ARLA and MOHANA ARLA, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western District |
| LIBERTY MUTUAL GROUP, INC., d/b/a | ) | of Kentucky |
| Peerless Insurance Company, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PEERLESS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

_____/

**BEFORE: COLE, Chief Judge; GUY and DONALD, Circuit Judges.**

**PER CURIAM.** At issue in this appeal is the construction of an insurance policy. Insured plaintiffs and insurer defendant offered different constructions of the policy to the court. Plaintiffs argue on appeal that the trial judge erred as a matter of law in the interpretation of the policy, and also erred in denying plaintiffs relief under a theory of bad faith asserted against the defendant.

The district judge bifurcated the issues in the case, first addressing the issue of the construction of the policy language. The court issued a written opinion on this issue which included a partial summary judgement for defendant. *See Arla v. Peerless Ins. Co.*, No. 315CV00596GNSCHL, 2016 WL 1465437 (W.D. Ky. Apr. 14, 2016). The court then went on to consider the bad faith issue and again issued a written opinion and a summary judgment in favor of defendant. *See Arla v. Peerless Ins. Co.*, No. 315CV00596GNSCHL, 2017 WL 4227660 (W.D. Ky. Sept. 22, 2017).

After review of the record, the applicable law, and the arguments presented on appeal, we conclude the district court correctly set out the facts and governing law and did not err in its rulings. Concluding that the issuance of a detailed opinion would be duplicative, we AFFIRM for the reasons stated in the district court's memorandum opinions entered on April 14, 2016, and September 22, 2017.

One of plaintiffs' claims, however, is not resolved by adopting the district court's opinions on the merits: Plaintiffs assert that the district court erred when it decided defendant's summary judgment motion on the bad-faith claim before plaintiffs had an adequate opportunity for discovery. In their response to defendant's motion for summary judgment, plaintiffs indicated their intent to conduct certain forms of discovery:

> [Plaintiffs] will be able to provide additional evidence through discovery and at trial, including through the depositions and trial testimony of Paul Brar of RTS, the Peerless appraiser, Glen Katz, [plaintiffs] and others. All of these witnesses will provide competent evidence that the figure Peerless presented as the cost of replacing the Residence had it been completed without a fire occurring was unfounded, contrary to available evidence, without reasonable basis and contrary to its own investigation.

Pls. Resp. to Def. Mot. for Summ. J. at 14. Defendant, however, asserts that plaintiffs nevertheless waived this issue by failing to request additional discovery in conformity with Federal Rule of Civil Procedure 56(d).

As defendant concedes, a formal Rule 56(d) affidavit is not required to preserve an objection based upon an insufficient opportunity for discovery. Rather, a party opposing a motion for summary judgment must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Unan v. Lyon*, 853 F.3d 279, 292-93 (6th Cir. 2017) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). A formal affidavit is not required "when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment." *Id.* at 293 (quoting *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015)). In other words, "if a party does not satisfy Rule 56(d)'s technical requirements, he must at least affirmatively demonstrate that the discovery sought would enable him to 'adequately oppose the motion for summary judgment.'" *Rohner*, 634 F. App'x at 504 (quoting *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003)).

Although plaintiffs identified a number of individuals, by name, for deposition, plaintiffs never asked the district court to deny defendant's motion on this basis; rather, they twice asserted that they could defeat the motion with the evidence they had in hand. *See* Pls. Resp. to Def. Mot. for Summ. J. at 3 ("Affirmative evidence that the Arlas can satisfy each of these elements to prevail at trial on their bad faith claim is provided *infra*."), 18 ("The elements of [a bad-faith claim] are satisfied by the affirmative evidence presented for purposes of this motion . . . . The evidence cited *supra* establishes that there is, at least, a genuine factual dispute . . . ."). Plaintiffs neither explained the nature of the evidence they expected to gather, other than stating it would

be probative of their claim that defendant acted in bad faith, nor did they explain why they were unable to timely complete discovery. Furthermore, in a conference held on December 21, 2016, plaintiffs' counsel apparently agreed to a January 30, 2017 deadline for all dispositive motions relating to the bad-faith claim, and did nothing to accomplish, or demand additional time for, discovery in that interim period.[1] *See Rohner*, 634 F. App'x at 504 ("Moreover, [the non-movant] never made a clear request for more time to discover the documents . . . ."). It is also relevant that "the response did not mention Rule 56(d)." *Id.* Accordingly, applying an abuse-of-discretion standard, *see id.*, we cannot say that the district court abused its discretion by ruling on the motion for summary judgment before permitting additional discovery.

**AFFIRMED**.

---

[1] The district court's scheduling order does not state that plaintiffs' counsel agreed to the briefing schedule during the conference. Rather, this was defendant's account of the basis for the scheduling order, and plaintiffs did not disagree with this assertion in their reply. In any event, disregarding this fact would not change the result. There is no record of plaintiffs requesting more time for discovery after the schedule was set.